## Case No. 14,605.

### UNITED STATES v. BLADEN.

[1 Cranch, C. C. 548.] [1]

Circuit Court, District of Columbia. July Term, 1809.

HOMICIDE—DEATH OUT OF JURISDICTION.

If the mortal stroke be given in Alexandria, and the death happen in Maryland, this court has not jurisdiction of the offence as a homicide, but has jurisdiction of the assault and battery.

[Cited in U. S. v. Mortimer, Case No. 15,821.]

Indictment for manslaughter. The right of peremptory challenge was allowed.

The mortal blow was given in Alexandria, the death happened in St. Mary's county, in Maryland.

E. J. Lee and R. J. Taylor, for prisoner, contended that the crime was not punishable here, and cited 1 East, P. C. 361; 1 Hawk. P. C. c. 31. §§ 12. 13; Va. Law, Nov. 29, 1792, p. 104, c. 73, § 16.

Mr. Jones, for the United States. There is no evidence of the defect of the common law, but the recital of the statute of 2 & 3 Edw. VI. c. 24. And the common law was

—————

[1] [Reported by Hon. William Cranch, Chief Judge.]

not as recited in that act. The statute of Virginia was made to repeal the statute of Edward, which was then in force in Virginia, and is not confined to counties in the state of Virginia, but speaks of contracts generally. The statute of Virginia is no evidence that the common law was defective; it was a substitute for the statute of Edw. VI.

The statute of Virginia speaks of any county, in Virginia, or elsewhere, as in the statute respecting conveyances. Va. Law, Dec. 13, 1792, p. 157, c. 90, § 5, and Dec. 25, 1794, p. 327, c. 179, § 1.

The counsel agreed to save the point of law. Verdict, "Guilty."

THE COURT, upon consideration of the point reserved, was of opinion that as the death happened in St. Mary's county, in Maryland, although the fatal stroke was given here, the judgment must be for the prisoner, the offence not being complete within our jurisdiction. Heydon's Case, 4 Coke, 41a; Hume v. Ogle, Id. 42b; 2 Inst. 318, 320; 3 Inst. 48, 49, 73.

The prisoner being also indicted for an assault and battery, was bound over to appear to answer to that indictment, and in the mean time to be of good behavior.